[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-15725
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 22, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-20566-CR-JAL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LIONEL GALLIMORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 22, 2008)

Before BIRCH, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Lionel Gallimore appeals his 210-month sentence for conspiring to import

five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 952(a), 963, and 960(b)(1) (Count 1); attempting to import cocaine, in violation of 21 U.S.C. §§ 952(a), 963, and 960(b)(1), and 18 U.S.C. § 2 (Count 2); conspiring to possess with the intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 841(b)(1)(A) (Count 3); and, attempting to posses with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 841(b)(1)(A) and 18 U.S.C. § 2 (Count 4).

Gallimore argues that the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000) requires that any fact that increases the penalty for a crime beyond the statutory maximum be charged in the indictment and proved beyond a reasonable doubt. He asserts that increasing a defendant's sentence on the basis of facts that were not proven to a jury beyond a reasonable doubt violates a defendant's Sixth Amendment right to a trial by jury. Gallimore contends that the relevant "statutory maximum" for *Apprendi* purposes is the highest Guideline-range sentence based on facts proven to a jury beyond a reasonable doubt or admitted to by the defendant. Thus, he asserts that the district court erred by holding him responsible for 58.95 kilograms of cocaine, and thereby increasing his base offense level, because this amount was not charged in the indictment or found by a jury.

2

Since *Booker*, we have held that a district court may apply extra-verdict enhancements based on facts it finds by a preponderance of the evidence, as long as it applies the Guidelines in an advisory fashion. *United States v. Booker*, 543 U.S. 220, 244, 125 S. Ct. 738, 756 (2005). *See United States v. Chau*, 426 F.3d 1318, 1324 (11th Cir. 2005) (per curiam) (holding that, although "[t]he court did find by a preponderance of the evidence, facts that went beyond the letter of the charges contained in the indictment . . . [i]t was okay for the court to do that because it applied the guidelines in an advisory way"). Furthermore, *Apprendi* requires only facts which increase the penalty for a crime "beyond the prescribed statutory maximum" to be proven to a jury beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490, 120 S. Ct. at 2362-63; *see Blakely v. Washington*, 542 U.S. 296, 303, 124 S. Ct. 2531, 2537 (2004) ("[T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*.").

Here, Gallimore was convicted of attempt and conspiracy to import five kilograms or more of cocaine, and attempt and conspiracy to possess five kilograms or more of cocaine, pursuant to 21 U.S.C. § 952 and 21 U.S.C. § 846. The statutory maximum for each of these sentences is life imprisonment. *See* 21 U.S.C. § 960(b)(1); 21 U.S.C. § 841(b)(1)(A). Gallimore was sentenced to 210

3

months of imprisonment, which is well under the statutory maximum penalty. Thus, *Apprendi* and its progeny do not require the drug amount to be proven beyond a reasonable doubt.

Moreover, Gallimore stipulated at trial that the duffel bags he conspired to retrieve contained 58.95 kilograms of cocaine. As such, the district court met its preponderance of the evidence burden. The district court imposed its sentence under an advisory Guideline system, and its use of extra-verdict factual findings was not improper. Gallimore has failed to establish that the district court erred by sentencing him based on 58.95 kilograms of cocaine.

In addition to challenging his sentence based on drug quantity, Gallimore argues that his sentence is unreasonable because the district court failed to properly consider factors supporting a sentence below the Guideline range. Gallimore asserts that several factors, independent of the Guideline range calculations, warranted a sentence lower than the one he received. For example, he contends that his criminal history category over-represents his prior crimes, warranting a lower sentence.

We review the final sentence imposed by the district court for reasonableness. *Booker*, 543 U.S. at 264, 125 S. Ct. at 767. Specifically, the district court must impose a sentence that is both procedurally and substantively

4

reasonable. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). After *Booker*, we established a two-step process for district courts to use in sentencing: first, the district court must consult the Sentencing Guidelines and correctly calculate the sentencing range; second, the district court must consider the factors listed in 18 U.S.C. § 3553(a) in arriving at a reasonable sentence. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam). We may not review the lower court's discretionary decision not to apply a downward departure, unless the district court failed to recognize its authority to depart downward. *United States v. Winingear*, 422 F.3d 1241, 1245-46 (11th Cir. 2005) (per curiam).

A sentence may be procedurally unreasonable if the district court improperly calculates the Guideline range, treats the Sentencing Guidelines as mandatory rather than advisory, fails to consider the appropriate statutory factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence. *Gall*, 128 S. Ct. at 597. After we have determined that the sentence is procedurally sound, *Gall* directs that we review the substantive reasonableness of a sentence under an abuse-of-discretion standard. *Id.* The review for substantive reasonableness involves examining the totality of the circumstances, including an inquiry into whether the § 3553(a) factors support the sentence in question. *Id.* at 597-600. In its consideration of the § 3553(a) factors, the district court does not

need to discuss or state each factor explicitly. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). Instead, an acknowledgment by the district court that it has considered the defendant's arguments and the § 3553(a) factors will suffice. *Id.* at 1229-30.

Pursuant to § 3553(a), the sentencing court "shall impose a sentence sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future crimes of the defendant, and provide the defendant with needed educational or vocational training or medical care. *See* 18 U.S.C. § 3553(a). The sentencing court must also consider the following factors in determining a particular sentence: the nature and circumstances of the offense and the history and characteristics of the defendant, the kind of sentences available, the Guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a)(1), (3)-(7).

The Supreme Court has held that, in reviewing sentences for reasonableness under § 3553(a), we may apply a presumption of reasonableness to a district court sentence imposed within the Guideline range. *Rita v. United States*, 127 S. Ct. 2456, 2467-68 (2007). Nevertheless, we do not apply a presumption of

6

reasonableness to a sentence that is within the properly calculated Guideline range. *See United States v. Campbell*, 491 F.3d 1306, 1313-14 & 1314 n.8 (11th Cir. 2007). Instead, we ordinarily expect a sentence within the Guideline range to be reasonable, and the appellant has the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam).

The district court correctly calculated the applicable Guideline range. The district court also considered the § 3553(a) factors, including Gallimore's family circumstances and personal characteristics. The district court also specifically recognized the seriousness of Gallimore's offense and the need to provide deterrence and just punishment, particularly in light of his history of drug related criminal activity. We conclude that the district court did not abuse its discretion when sentencing Gallimore.

The sentence imposed by the district court was procedurally reasonable because the district court correctly calculated the Guideline range and considered the sentencing factors set forth in § 3553(a). The sentence was also substantively reasonable in light of Gallimore's criminal history, failure to accept responsibility, and previous lenient sentences. Furthermore, to the extent that Gallimore's argument regarding the over-representative nature of his criminal history

challenges the lack of a downward departure, we will not review the lack of a departure because the district court recognized its authority to grant such a departure.

## CONCLUSION

Upon review of the record and the parties' briefs, we discern no reversible error. Accordingly, we affirm Gallimore's 210-month sentence.

**AFFIRMED.**